UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' ANNUITY FUND, <br> and the GREAT PLAINS LABORERS' DISTRICT <br> COUNCIL WORKING DUES CHECK OFF FUND <br><br> Plaintiffs, <br><br> v. <br><br> WIGGINS COMPUTING, LLC, <br> a/k/a WCT MIDWEST, <br> an Illinois limited liability company, and <br> JUSTIN WIGGINS, individually, <br><br> Defendant(s). | Case No. **25-Cv-50389** |

# COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants WIGGINS COMPUTING, LLC, also known as WCT MIDWEST, and JUSTIN WIGGINS, as follows:

## COUNT I
against
WIGGINS COMPUTING, LLC
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and its affiliated district councils and local unions, and, on the other hand, certain employer associations and individual employers. The Union and its affiliated local unions and district councils

are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff CENTRAL LABORERS' PENSION FUND is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. WIGGINS COMPUTING, LLC is an Illinois limited liability company doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). WIGGINS COMPUTING, LLC is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. WIGGINS COMPUTING, LLC has had assumed names and has also been known as: (a) WCT MIDWEST, (b) COMPLETE ELECTRICAL CONTRACTORS, (c) WIGGINS COMMUNICATION TECHNOLOGY, (d) SECURECO, (e) SAUK VALLEY COMMUNICATIONS, and WIGLOCK SECURITY COMPANY.

7. WIGGINS COMPUTING, LLC became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of one or more such collective bargaining agreements are attached as *Exhibit A*. No party has terminated the collective bargaining agreements and they remain in effect.

8. By virtue of certain provisions contained in the collective bargaining agreement(s), WIGGINS COMPUTING, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

9. WIGGINS COMPUTING, LLC became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of signature pages of one or more such participation agreements are attached as *Exhibit B*. No party has terminated the participation agreements and they remain in effect.

10. By virtue of certain provisions contained in the participation agreement(s), WIGGINS COMPUTING, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

11. WIGGINS COMPUTING, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

12. WIGGINS COMPUTING, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

13. WIGGINS COMPUTING, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

14. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, WIGGINS COMPUTING, LLC is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, WIGGINS COMPUTING, LLC is also required to submit monthly remittance reports

identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

15. WIGGINS COMPUTING, LLC failed and refused to pay all contributions and working dues for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Those delinquent and unpaid amounts total not less than the following:

| | |
|---|---:|
| Unpaid contributions (04/24, 05/24, 06/24: Local 727): | $11,382.50 |
| Unpaid contributions (10/24, 11/24: Local 727): | $12,497.20 |
| Unpaid work dues (10/24, 11/24: Local 727): | $1,773.37 |
| **Total:** | **$25,653.07** |

16. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17. Because contributions were not paid when due, WIGGINS COMPUTING, LLC incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | | |
|---|---:|---|
| Assessment for unpaid contributions (204/24, 05/24, 06/24: Local 727): | $1,138.25 | (see ¶ 15) |
| Assessment for unpaid contributions (10/24, 11/24: Local 727): | $1,249.72 | (see ¶ 15) |
| **Total:** | **$2,387.97** | |

18. The total amount owed by WIGGINS COMPUTING, LLC to Plaintiff Funds is not less than **$28,041.04**, consisting of: not less than $25,653.07 in delinquent and unpaid contributions and dues (reference ¶ 15 above), and not less than $2,387.97 in late payment penalty assessments (reference ¶ 17 above).

4

19. WIGGINS COMPUTING, LLC has failed and refused to pay the amount of $**28,041.04** known to be due to Plaintiff Funds.

20. Plaintiff Funds have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from WIGGINS COMPUTING, LLC

21. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

22. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against WIGGINS COMPUTING, LLC in favor of Plaintiff Funds.

B. Order WIGGINS COMPUTING, LLC to pay Plaintiff Funds not less than $28,041.04.

C. Order WIGGINS COMPUTING, LLC to pay interest, costs, and reasonable attorney's fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

D. Order WIGGINS COMPUTING, LLC to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiff Funds such other and further relief as may be just.

### COUNT II
against
WIGGINS COMPUTING, LLC
(*Claim under ERISA for payroll compliance audit*)

1. – 14. Plaintiff Funds reallege paragraphs 1 – 14 of Count I.

15. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, WIGGINS COMPUTING, LLC is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

16. Upon information and belief, WIGGINS COMPUTING, LLC has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

17. WIGGINS COMPUTING, LLC has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

18. Plaintiffs have been required to employ the undersigned attorneys and auditors to compel the audit of the books and records of WIGGINS COMPUTING, LLC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against WIGGINS COMPUTING, LLC in favor of Plaintiffs.

B. Order WIGGINS COMPUTING, LLC to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order WIGGINS COMPUTING, LLC to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order WIGGINS COMPUTING, LLC to pay auditors' fees to Plaintiffs.

E. Order WIGGINS COMPUTING, LLC to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order WIGGINS COMPUTING, LLC to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.

## COUNT III
against
### JUSTIN WIGGINS
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. – 22.      Plaintiff Funds reallege paragraphs 1 – 22 of Count I.

23.      This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

### Breach of Contract / Trust Agreements

24.      Plaintiff Funds are advised and believe that JUSTIN WIGGINS is the Manager, Chief Executive Officer, and Chief Operating Officer of WIGGINS COMPUTING, LLC and is in control of the company.

25.      Pursuant to the collective bargaining agreements and participation agreements to which WIGGINS COMPUTING, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

26.      Pursuant to the trust agreements establishing the Plaintiff Funds, to which WIGGINS COMPUTING, LLC and JUSTIN WIGGINS agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

27.      Plaintiff Funds are informed and believe that JUSTIN WIGGINS did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making JUSTIN

WIGGINS personally liable for the money owed to the Plaintiff Funds by WIGGINS COMPUTING, LLC.

### Piercing the Corporate Veil

28. There is a unity of interest and ownership between WIGGINS COMPUTING, LLC and JUSTIN WIGGINS such that the separate personalities of the company and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making JUSTIN WIGGINS personally liable for the money owed to the Plaintiff Funds by WIGGINS COMPUTING, LLC

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against JUSTIN WIGGINS in favor of Plaintiff Funds.

B. Order JUSTIN WIGGINS to pay Plaintiff Funds $28,041.04, plus any additional amount shown to be due.

C. Order JUSTIN WIGGINS to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

D. Order JUSTIN WIGGINS to cause WIGGINS COMPUTING, LLC to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

E. Grant Plaintiff Funds such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Ste. 400
Chicago, IL 60603-1903
(312) 726-8797

16203

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement

SIGNED this APRIL day of 21ST, 2021, at Rockford, Illinois.

_____  4/21/21
Glen Turpoff                              Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____  4/26/2021
Anthony Penn, Business Manager       Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: WK Midwest

Address: 900 Depot Ave. Dixon, IL 61021

Address: _____

Signature: _____


RECEIVED
MAY - 2 2022

28


EXHIBIT A

16203

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2021.

**Section 12. Organizational Fund.** The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way Unit 3, Peoria, Illinois 61615-5650

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650. **MAKE ONE CHECK.**

Laborers' Locals 32 & 727


**FOR THE CONTRACTORS:**

_____   4/21/21
Glen L. Turpoff                     Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.


**FOR THE UNION:**

_____   4/26/2021
Anthony Penn, Business Manager      Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL


RECEIVED MAY - 2 2022

32

16203

**Heavy/Highway Wage Addendum**
Effective May 1, 2021
**CONTRACTOR:**

NAME: WCT Midwest

ADDRESS: 900 Depot Ave Dixon, IL 61021

ADDRESS: _____

SIGNATURE: /s/

DATE: 4/28/22

**LOCAL UNION NO. 32**
Fortunato Salamone, Business Manager
7404 Cherryvale North Blvd.
Rockford, Illinois 61112
Phone: (815) 873-8875
Fax: (815) 873-8972
laborers@local32.us

**LOCAL UNION NO. 727**
James Lawson Jr, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318
local-727@comcast.net


RECEIVED MAY - 2 2022

33

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

**EMPLOYER**
Name of Business: WLT Midwest
Address: 900 Depot Ave
City/State/Zip Code: Dixon, IL 61021
Telephone: (239) 980-9002
Authorized Signature: [signed]
Title: Owner
Date: 4/28/22

**CENTRAL LABORERS' FUNDS**
Authorized Signature: [signed] Dony J Thyll
Title: Executive Director

**LOCAL UNION**
Territory in which Agreement signed: Local 727
Authorized Signature: [signed]
Title: Business Manager
Date: 5-2-2022

RECEIVED MAY - 2 2022

Revised January ___, 2015.

**EXHIBIT B**